IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL WHITE, ID # 521163, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-0372-M-BH |
| | ) | |
| NFN SOTO, Administrator, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I. BACKGROUND

Plaintiff is a resident at the Dallas Transitional Center (DTC), which provides transitional housing for persons on state parole or probation. (*See* doc. 4 at 4.) He brings this action under 42 U.S.C. § 1983 against a DTC administrator, Mr. Soto (Defendant), for alleged violations of his civil rights. Defendant allegedly and unfairly found Plaintiff guilty of four disciplinary violations, resulting in thirty days' confinement at DTC and an inability to look for employment. (*See* doc. 3 at 4). Plaintiff seeks monetary damages in an amount equal to what he would have earned if he had been working full-time during those thirty days as well as the right to have a cell phone at the DTC. (*Id.*)

## II. PRELIMINARY SCREENING

Plaintiff is a state prisoner who has been permitted to proceed *in forma pauperis*.[1] As a

---

[1] A prisoner for purposes of the Prison Litigation Reform Act (PLRA) is any person incarcerated or detained in any facility as a result of a criminal conviction. *See Jackson v. Johnson*, 475 F.3d 261, 264-65 (5th Cir. 2007) (per curiam) (finding that prisoner released on mandatory supervision to a privately-owned halfway house that contracts with the state was a prisoner under the PLRA). Because Plaintiff is on parole or probation and confined to the DTC, he meets this definition.

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages and declaratory relief under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*,

436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).[2]

## A. Due Process Claim

Plaintiff contends Defendant violated his due process rights when he found Plaintiff guilty of four disciplinary violations.[3] As a result, he was given 24 hours' extra duty and thirty days' confinement with an inability to search for work, and he was told that an "unsuccessful discharge" would be recommended. (*See* doc. 3 at 4).

A prisoner is entitled to procedural due process with respect to disciplinary proceedings where a protected liberty interest is implicated. *See Jenkins v. Livingston*, 388 Fed. App'x 417, 419 (5th Cir. 2010) (citing *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989)). Protected liberty interests are "generally limited to freedom from restraint that, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandlin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). In *Sandlin*, the Supreme Court found that disciplinary segregated confinement for thirty days was not an atypical, significant deprivation that created a protected liberty interest because it was not a major

---

[2] Because they are performing a government function, private corporations that contract with the state to house state prisoners and their employees may be sued under § 1983. *See Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983); *McKinney v. Hallman.*, 2009 WL 1574577, *2 (N.D. Tex. June 4, 2009) (addressing the merits of a § 1983 suit filed by a state prisoner against an employee of a halfway house); *Clerkley v. Correctional Services Corp.*, 2005 WL 1025785 (N.D. Tex. April 29, 2005) (same).

[3] Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Morrison v. Brown*. 199 F.3d 438, 1999 WL 1067613 at *1 (5th Cir. 1999). When a successful civil rights action would necessarily imply the invalidity of a disciplinary conviction, *Heck* provides that the complaint must be dismissed unless the plaintiff demonstrates that the disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. 477, 486-87 (1994); *Muhammad v. Weston*, 126 Fed. App'x 646 (5th Cir. Feb. 23, 2005) (per curiam) (applying *Heck* to a civil rights challenge to a prison disciplinary conviction). Because the issues in this case are appropriate for early and final determination, a determination of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998).

disruption in environment and it did not affect the duration of the sentence. *Id*. at 486-87. Likewise, commissary and cell restrictions as punishment are merely changes in the conditions of confinement, that also do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Here, Plaintiff's confinement for thirty days in DTC as punishment is analogous to, although less restrictive than, segregated confinement or cell restrictions. Neither it, nor the 24 hours of extra duty and recommendation constitute an atypical, significant deprivation or disruption in environment, and Plaintiff has not alleged that any of this has had an effect on the length of his sentence. Plaintiff has failed to allege any due process violation against Defendant.

## B. Right to Work Claim

Plaintiff also seeks damages in the amount of money he might have earned had he been permitted to leave the DTC to search for and obtain work. A prisoner does not have a constitutional right to a specific work assignment in prison. *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989); *Walker v. Buentello*, 149 Fed. App'x 286, *1 (5th Cir. Sept. 30, 2005). Nor does the denial of the right to participate in a work-release program rise to the level of cruel and unusual punishment that is violative of a prisoner's rights. *See James v. Hertzog*, 415 Fed. App'x 530, *2 (5th. Cir. Feb. 2, 2011), *citing Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998). By extension, the decision of a halfway house administrator to restrict a prisoner from leaving to seek work also fails to state a constitutional violation.

## C.   Cell Phone

Finally, Plaintiff also seeks the use of a cell phone. Restrictions on telephone use by state prisoners do not violate the inmate's constitutional rights so long as the inmate has some access to

counsel, family and friends. *See. Daniels v. Bowles*, 2004 WL 2479917, *3 (N.D. Nov. 2, 2004); *see also Johnson v. Texas. Bd. of Criminal Justice*, 2008 WL 5069357, *1 (5th Cir. Dec. 2, 2008) (noting that a prison policy restricting telephone usage is reasonably related to legitimate penological interests). Plaintiff does not allege that he has been prevented from making and receiving telephone calls at the DTC. Therefore, this claim is without merit.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 20th day of April, 2012.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[4]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE